136 July 1, 2026 No. 604

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD SAMUEL THOMPSON,
*Defendant-Appellant.*

Lane County Circuit Court
19CR49992; A181986

Debra K. Vogt, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Defendant appeals convictions for rape, sodomy, and sexual abuse and sentences reimposed upon remand. At trial, the court admitted a large amount of prior acts evidence, and defendant was convicted. We reversed that conviction in a nonprecedential memorandum opinion because the trial court had erred in finding the evidence relevant to nonpropensity purposes. *State v. Thompson*, 322 Or App 729 (2022) (nonprecedential memorandum opinion). On remand, the trial court readmitted all of the evidence under OEC 404(4), and defendant challenges those evidentiary rulings.

The state now concedes that the trial court erred in admitting the challenged evidence under *State v. Travis*, 344 Or App 496, 580 P3d 889 (2025), *rev allowed*, 375 Or 109 (2026), and *State v. Bahr*, 349 Or App 429, ___ P3d ___ (2026). The trial court reasoned that the evidence was relevant because the evidence "made it more likely that [defendant] was sexually interested in the victim and that he committed the charged acts." That theory is a "propensity-only" theory, as we explained in *Travis*, and although the state expresses disagreement with our precedent, it acknowledges that the trial court's reasoning is erroneous under *Travis*. *See* 344 Or App at 505-10. The state further concedes that the limiting instruction issued in this case—"This evidence may be considered by you only for its relevance, if any, to [defendant's] sexual interest in children"—did not mitigate the potential prejudice under OEC 403. In particular, the court did not issue a "sexual-purpose-only instruction," but allowed the jury to consider the other acts evidence in determining whether defendant acted on his sexual interest in children. *See Bahr*, 349 Or App at 439-40 (describing "sexual-purpose-only" instruction).

The state's concession is well taken. The trial court erred in admitting all of the evidence at issue in this appeal. Therefore, we reverse.

Reversed and remanded.